IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| DEERE & COMPANY, | Case No. 3-09-cv-95-CRW-CFB |
| Plaintiff, | SPECIAL VERDICTS |
| v. | |
| DUROC LLC, ALAMO GROUP, INC., BUSH HOG, INC., and GREAT PLAINS MANUFACTURING, INC., | |
| Defendants. | |

We, the jury unanimously return the following special verdicts by answering the questions submitted to us in accordance with the explanations provided.

## I. INFRINGEMENT

In answering the following question on infringement, under the question for each group of products check one box for each claim of the '980 patent deciding whether Duroc LLC (Duroc), Alamo Group Inc. (Alamo), Bush Hog Inc. (Bush Hog), or Great Plains Manufacturing Incorporated (Great Plains) has infringed the claim literally, has infringed that claim under the doctrine of equivalents, or has not infringed the claim.

Check only one box on each question for each listed claim. If you find that a defendant or group of defendants has not infringed independent claim 1, either literally or under the doctrine of equivalents, then you do not need to consider whether that defendant has infringed dependent claims 2, 3, and 6. Consider infringement under the doctrine of equivalents for a claim only if you find that there is no literal infringement of that claim.

QUESTION NO. 1 (a): Has Deere & Company (Deere) proven, by a preponderance of the evidence, that Duroc has literally infringed the following claims of the '980 patent by making, using, offering for sale, or selling the Bush Hog Rotary Cutters? "YES" is an answer for Deere. "NO" is an answer for Duroc.

|  | YES – Literal Infringement (for Deere) | NO—Literal Infringement (for Duroc) |
| --- | --- | --- |
| Claim 1 |  | X |
| Claim 2 |  | X |
| Claim 3 |  | X |
| Claim 6 |  | X |

QUESTION NO. 1 (b): Has Deere & Company (Deere) proven, by a preponderance of the evidence, that Alamo and Bush Hog have literally infringed the following claims of the '980 patent by making, using, offering for sale, or selling the Bush Hog Rotary Cutters? "YES" is an answer for Deere. "NO" is an answer for Alamo and Bush Hog.

|  | YES – Literal Infringement (for Deere) | NO—Literal Infringement (for Alamo and Bush Hog) |
| --- | --- | --- |
| Claim 1 |  | X |
| Claim 2 |  | X |
| Claim 3 |  | X |
| Claim 6 |  | X |

QUESTION NO. 1 (c) (answer only for any claim for which you answered "NO" above): Has Deere proven, by a preponderance of the evidence, that Duroc has infringed the following claims of the '980 patent under the doctrine of equivalents by making, using, offering for sale, or selling the Bush Hog Rotary Cutters? "YES" is an answer for Deere. "NO" is an answer for Duroc.

2

|         | YES – Infringement under the Doctrine of Equivalents (for Deere) | NO (for Duroc) |
|---------|---|---|
| Claim 1 |   | X |
| Claim 2 |   | X |
| Claim 3 |   | X |
| Claim 6 |   | X |

QUESTION NO. 1 (d) (answer only for any claim for which you answered "NO" above): Has Deere proven, by a preponderance of the evidence, that Alamo and Bush Hog have infringed the following claims of the '980 patent under the doctrine of equivalents by making, using, offering for sale, or selling the Bush Hog Rotary Cutters? "YES" is an answer for Deere. "NO" is an answer for Alamo and Bush Hog.

|         | YES – Infringement under the Doctrine of Equivalents (for Deere) | NO (for Alamo and Bush Hog) |
|---------|---|---|
| Claim 1 |   | X |
| Claim 2 |   | X |
| Claim 3 |   | X |
| Claim 6 |   | X |

QUESTION NO. 1 (e): Has Deere proven, by a preponderance of the evidence, that Great Plains has literally infringed the following claims of the '980 patent by making, using, offering for sale, or selling the Great Plains Rotary Cutters? "YES" is an answer for Deere. "NO" is an answer for Great Plains.

|         | YES – Literal Infringement (for Deere) | NO—Literal Infringement (for Great Plains) |
|---------|---|---|
| Claim 1 |   | X |

|         |   |   |
|---------|---|---|
| Claim 2 |   | X |
| Claim 6 |   | X |

QUESTION NO. 1 (f): Has Deere proven, by a preponderance of the evidence, that Great Plains has infringed the following claims of the '980 patent under the doctrine of equivalents by making, using, offering for sale, or selling the Great Plains Rotary Cutters? "YES" is an answer for Deere. "NO" is an answer for Great Plains.

|         | YES – Infringement under the Doctrine of Equivalents (for Deere) | NO—Infringement under the Doctrine of Equivalents (for Great Plains) |
|---------|---|---|
| Claim 1 |   | X |
| Claim 2 |   | X |
| Claim 6 |   | X |

## II. INVALIDITY

QUESTION NO. 2 (a) (anticipation): Have defendants proven, by clear and convincing evidence, that a single prior art reference disclosed all of the elements of the invention described in each of the asserted claims of the '980 patent? "YES" is an answer for defendants. "NO" is an answer for Deere.

|         | YES (for defendants) | NO (for Deere) |
|---------|---|---|
| Claim 1 | X |   |
| Claim 2 | X |   |
| Claim 3 |   | X |
| Claim 6 | X |   |

QUESTION NO. 2 (b) (obviousness): Have defendants proven, by clear and convincing evidence, that each of the asserted claims of the '980 patent would have been obvious to a person

of ordinary skill in the art on July 17, 1998? "YES" is an answer for defendants. "NO" is an answer for Deere.

|  | YES (for defendants) | NO (for Deere) |
|---|---|---|
| Claim 1 | X |  |
| Claim 2 | X |  |
| Claim 3 | X |  |
| Claim 6 | X |  |

QUESTION NO. 2(c) (written description): Have Defendants proven, by clear and convincing evidence, that it is highly probable that the '980 patent does not contain a written description of the invention covered?

|  | YES (for defendants) | NO (for Deere) |
|---|---|---|
| Claim 1 | X |  |

### III. DAMAGES

If you have found that defendants have not infringed any of the asserted claims or that all of the asserted claims are invalid, you should not answer any further questions. If you have found that defendants have infringed any of the asserted claims and that the infringed claims are valid, you should answer the following questions.

LOST PROFITS

QUESTION NO. 3: What lost profits, if any, did Deere prove, by a preponderance of the evidence, that it suffered as a result of defendants' infringement of the '980 patent?

Duroc LLC                                      $ _____

Alamo Group, Inc. and Bush Hog, Inc.           $ _____

Great Plains Manufacturing Incorporated        $ _____

REASONABLE ROYALTY

QUESTION NO. 4: What total reasonable royalty amount do you find that Deere has proven, by a preponderance of the evidence, that Deere was entitled to receive from Duroc LLC for U.S. sales of the Bush Hog Rotary Cutters that infringe the '980 patent?

Total Reasonable Royalty Amount from Duroc LLC $ _____

If that amount was based on a running royalty, as opposed to a lump sum, what was the rate of that running royalty? _____

QUESTION NO. 5: What total reasonable royalty amount do you find that Deere has proven, by a preponderance of the evidence, that Deere was entitled to receive from Alamo Group, Inc. and Bush Hog, Inc. for U.S. sales of the Bush Hog Rotary Cutters that infringe the '980 patent?

Total Reasonable Royalty Amount from Alamo Group, Inc. and Bush Hog, Inc.

$ _____

If that amount was based on a running royalty, as opposed to a lump sum, what was the rate of that running royalty? _____

QUESTION NO. 6: What total reasonable royalty amount do you find that Deere has proven, by a preponderance of the evidence, that Deere was entitled to receive from Great Plains Manufacturing, Inc. for U.S. sales of the Bush Hog Rotary Cutters that infringe the '980 patent?

Total Reasonable Royalty Amount from Great Plains Manufacturing

$ _____

If that amount was based on a running royalty, as opposed to a lump sum, what was the rate of that running royalty? _____

Dated: December 19th, 2013                               _____  Foreperson