**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| DEERE & COMPANY, | |
| Plaintiff, | |
| v. | Civil Action No. 09-CV-00095 |
| | Judge Charles R. Wolle |
| | Magistrate Judge Thomas J. Shields |
| DUROC LLC; ALAMO GROUP INC.; BUSH HOG, INC.; AND GREAT PLAINS MANUFACTURING INCORPORATED, | |
| Defendants. | |

**PLAINTIFF DEERE & COMPANY'S RESISTANCE TO ALAMO GROUP INC. AND
BUSH HOG, INC.'S BILL OF COSTS**

Plaintiff Deere & Co. ("Deere") hereby files its resistance to the Bill of Costs filed by

Defendants Alamo Group Inc. and Bush Hog, Inc. ("Alamo and Bush Hog"). [Dkt. No. 553].

1

**TABLE OF CONTENTS**

**Page**

I.   Hearing and Trial Transcript Expenses Incurred for the Convenience of
     Alamo and Bush Hog are not Taxable.................................................................................... 2

II.  Alamo and Bush Hog Claim Expenses for Unnecessary Video Depositions as
     well as Ancillary Deposition Expenses, none of which are Taxable.................................... 3

III. Claimed Witness Fees for Jerry Lee Hall, Tom Taylor, and Paul Benoit are not
     Taxable.................................................................................................................................. 6

IV.  Alamo and Bush Hog Claim Expenses that are neither for "Exemplification" or
     "Copies Necessarily Obtained for Use in the Case"............................................................. 7

V.   Expert Witness Fees for Jerry Hall in Excess of $40 Per Day are not Taxable............. 11

CONCLUSION.................................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advance Brands, LLC v. Alkar-Rapidpak, Inc.*,
  2011 WL 4352495 (N.D. Iowa Sept. 15, 2011)................................................................10

*Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*,
  2010 WL 1935998 (E.D. Mo. May 10, 2010) .................................................................. 4

*Baker v. John Morrell & Co.*,
  263 F. Supp. 2d 1161 (N.D. Iowa 2003) ......................................................................... 1

*Brown v. The McGraw-Hill Companies, Inc.*,
  526 F. Supp. 2d 950 (N.D. Iowa 2007) ......................................................................1, 2

*Clark v. Baka*,
  2011 WL 2881710 (E.D. Ark. July 19, 2011) ................................................................. 4

*Concord Boat Corp. v. Brunswick Corp*,
  309 F.3d 494 (8th Cir. 2002) ......................................................................................... 1

*Craftsman Limousine, Inc. v. Ford Motor Co.*,
  579 F.3d 894 (8th Cir. 2009) ......................................................................................... 4

*E.E.O.C. v. CRST Van Expedited, Inc.*,
  2010 WL 520564 (N.D. Iowa Feb. 9, 2010) ................................................................... 4

*E.E.O.C. v. Hibbing Taconite Co.*,
  2010 WL 4237318 (D. Minn. Oct. 21, 2010)...........................................................2, 4, 9

*Ekstam v. Ekstam*,
  2007 WL 4565024 (E.D. Mo. Dec. 20, 2007) ................................................................ 1

*Emmenegger v. Bull Moose Tube Co.*,
  33 F. Supp. 2d 1127 (E.D. Mo. 1998) ........................................................................... 3

*Fields v. Shelter Mutual Ins. Co.*,
  2007 WL 1702512 (E.D. Ark. June 11, 2007)................................................................. 1

*Jones v. Nat'l Am. Univ.*,
  2009 WL 2005293 (D.S.D. July 8, 2009) ....................................................................... 8

*Little Rock Cardiology Clinic PA v. Baptist Health*,
  591 F.3d 591 (8th Cir. 2009) ......................................................................................1, 10

*Marmo v. Tyson Fresh Meats, Inc.*,
    457 F.3d 748 (8th Cir. 2006) ................................................................... 7

*McCabe v. U.S.*,
    2008 WL 2980010 (N.D. Iowa July 22, 2008) ....................................... 2

*MEMC Elec. Materials, Inc. v. Sunlight Group, Inc.*,
    2012 WL 918743 (E.D. Mo. Mar. 19, 2012) ......................................... 4

*Moore v. DaimlerChrysler Corp.*,
    2007 WL 1445591 (E.D. Mo. May 11, 2007) .................................... 8, 10

*National Ben. Programs, Inc. v. Express Scripts, Inc.*,
    2012 WL 2326071 (E.D. Mo. June 19, 2012) ....................................... 4

*Pinkham v. Camex, Inc.*,
    84 F.3d 292 (8th Cir. 1996) ................................................................... 11

*Rakes v. Life Investors Ins. Co. of America*,
    2008 U.S. Dist. LEXIS 91231 (N.D. Iowa Nov. 7, 2008) ................... 2, 5

*Slagenweit v. Slagenweit*,
    63 F.3d 719 (8th Cir. 1995) ................................................................... 3

*Sphere Drake Ins. PLC v. Trisko*,
    66 F. Supp. 2d 1088 (D. Minn. 1999), *aff'd*, 226 F.3d 951 (8th Cir. 2000) ...................... 8, 10

*Summit Technology, Inc. v. Nidek Co.*,
    435 F.3d 1371 (Fed. Cir. 2006) ............................................................. 8

*Sun Media Systems, Inc. v. KDSM, LLC*,
    587 F. Supp. 2d 1059 (S.D. Iowa 2008) ........................................ 7, 9, 11

*Thomas v. Newton*,
    2009 WL 1851093 (E.D. Mo. June 26, 2009) ....................................... 4

*Thompson v. United Trans. Union*,
    2009 U.S. Dist. LEXIS 14135 (N.D. Iowa Jan. 26, 2009) ................... 5

*Wheeler v. Carlton*,
    2007 U.S. Dist. LEXIS 24594 (E.D. Ark. Apr. 2, 2007) ...................... 9

**Statutes**

28 U.S.C. § 1920 .......................................................................................... *passim*

28 U.S.C. § 1821 ........................................................................................ 1, 11

28 U.S.C. § 1821(b) .................................................................................................................11

28 U.S.C. § 1821(c)(1)..............................................................................................................7

28 U.S.C. § 1821(c)(2)............................................................................................................ 6

28 U.S.C. § 1821(d)(1) ........................................................................................................... 6

28 U.S.C. § 1920(2) .....................................................................................................2, 3, 5, 6

28 U.S.C. § 1920(3) ................................................................................................................ 7

28 U.S.C. § 1920(4) ........................................................................................................7, 8, 9, 10

**Other Authorities**

Federal Rule of Civil Procedure 54(d)(1) .......................................................................... 1

Alamo and Bush Hog filed their Bill of Costs on January 16, 2014, requesting that the Clerk of Court tax $159,895.58 in costs. [Dkt. No. 553]. The Clerk should significantly reduce the excessive amount claimed by Alamo and Bush Hog, as Alamo and Bush Hog request numerous expenses that this Court, the Eighth Circuit, and the Supreme Court have ruled are not taxable costs under Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, or 28 U.S.C. § 1821.

Federal Rule of Civil Procedure 54(d)(1) provides that district courts may tax costs in favor of a prevailing party. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). For an expense to be taxed, however, that cost "must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax." *Id. (*citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). When examining a request for costs, "items proposed by winning parties as costs should always be given careful scrutiny." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1202-03 (N.D. Iowa 2003).

 In Eighth Circuit district courts, the burden first falls on the prevailing party, which must provide "sufficient documentation" to establish that a requested expense is recoverable under 28 U.S.C. § 1920. *Brown v. The McGraw-Hill Companies, Inc.*, 526 F. Supp. 2d 950, 953 (N.D. Iowa 2007) ("in some cases, it requires a showing that the materials were 'necessarily obtained for use in the case'"); *Ekstam v. Ekstam*, 2007 WL 4565024 at *3 (E.D. Mo. Dec. 20, 2007); *Fields v. Shelter Mutual Ins. Co.*, 2007 WL 1702512 at *2 (E.D. Ark. June 11, 2007). If the prevailing party can provide sufficient documentation to establish that "an expense is taxable as a cost," then there is a presumption that the prevailing party can recover that cost. *Concord Boat Corp. v. Brunswick Corp*, 309 F.3d 494, 498 (8th Cir. 2002).

I.     **Hearing and Trial Transcript Expenses Incurred for the Convenience of Alamo and Bush Hog are not Taxable**

Alamo and Bush Hog have requested [Dkt. No. 553-2 ¶¶ 4-7] sums of $24.30 [Dkt. No. 553-4], $239.77 [Dkt. No. 553-5], $383.16 [Dkt. No. 553-6], and $6,892.51 [Dkt. No. 553-7], totaling $7,539.74, for hearing and trial transcripts provided by Ms. Terri Martin.

Of these expenses, $146.62 [Dkt. No. 553-5] and $246.14 [Dkt. No. 553-6] were for expedited transcripts, and $6,892.51 [Dkt. No. 553-7] was for daily trial transcripts. None of these expenses incurred for the convenience of Alamo and Bush Hog, totaling $7,285.77, are taxable costs under 28 U.S.C. § 1920, which requires that a transcript be "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Eighth Circuit district courts have consistently refused to tax costs for real-time transcripts. *See E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 4237318 at *3 (D. Minn. Oct. 21, 2010) ("a realtime transcript was merely for the convenience of counsel and was unnecessary"); *McCabe v. U.S.*, 2008 WL 2980010 at *9 (N.D. Iowa July 22, 2008) ("[c]ourts generally recognize that realtime transcripts ordered during trial under such circumstances are purely for the convenience of counsel and not necessary"); *Brown*, 526 F. Supp. 950, 958 (N.D. Iowa 2007) ("[realtime] transcripts were obtained for the convenience of [prevailing party's] attorneys, and they were not necessary for use in the case"). The Northern District of Iowa also has refused to tax costs for expedited transcript service. *See Rakes v. Life Investors Ins. Co. of America*, 2008 U.S. Dist. LEXIS 91231 at *23-25 (N.D. Iowa Nov. 7, 2008) ("[w]ith regard to the additional costs for expedited transcripts, the court finds no necessity for this additional cost").

Similarly, Eighth Circuit district courts have also routinely disallowed costs for daily trial transcripts. *See E.E.O.C. v. Hibbing Taconite Co.,* 2010 WL 4237318 at *3 ("Costs for

2

daily transcripts are 'not customarily' awarded"); *Emmenegger v. Bull Moose Tube Co.*, 33 F.

Supp. 2d 1127, 1134-35 (E.D. Mo. 1998) ("the charge associated with plaintiff's obtaining a

daily trial transcript is . . . not a taxable cost . . . it cannot be said that a trial transcript is

ordinarily necessary for use in the trial itself").

Alamo and Bush Hog's expenses for daily and expedited transcripts are not taxable

costs under 28 U.S.C. § 1920(2). Therefore, the taxable costs for the transcripts provided by

Ms. Martin to Alamo and Bush Hog total only $254.47.

## II.     Alamo and Bush Hog Claim Expenses for Unnecessary Video Depositions as well as Ancillary Deposition Expenses, none of which are Taxable

Alamo and Bush Hog list a large number of requested expenses for deposition

services, totaling $14,069.54. [Dkt. No. 553-3]. For a deposition fee to be taxed as a cost, it

must be "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Where a deposition

is "purely investigative," it is improper in the Eighth Circuit to tax the costs of that

deposition under 28 U.S.C. § 1920(2). *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir.

1995). Here, Alamo and Bush Hog have requested [Dkt. No. 553-2 at ¶¶ 15, 18, 36, and 38]

that the Court tax costs for the depositions of Erin Wyffels and Dennis Docherty [Dkt. Nos.

553-15 and 553-36], and for the deposition of Stephen Dellett [Dkt. Nos. 553-18 and 553-

40]. Alamo and Bush Hog, however, do not assert that these depositions were "necessarily

obtained for use in the case" as required by 28 U.S.C. § 1920(2). Moreover, none of these

deposition witnesses were called at trial, nor were any of them listed on any of Defendants'

Witness Lists. These depositions, therefore, were "purely investigative," and the Court

should refuse to tax the costs requested by Alamo and Bush Hog associated with these

depositions.

The Eighth Circuit has determined that videographic transcription costs for a deposition are potentially recoverable, but has not specifically addressed whether a party can recover costs for *both* a stenographic transcript and a video recording of a deposition. *See Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897-98 (8th Cir. 2009). Following the Eighth Circuit's decision in *Craftsman*, district courts in the Eighth Circuit have mostly declined to permit the recovery of costs for both stenographic and videographic transcript costs for the same deposition. *See MEMC Elec. Materials, Inc. v. Sunlight Group, Inc.,* 2012 WL 918743 at *2–3 (E.D. Mo. Mar. 19, 2012); *Clark v. Baka*, 2011 WL 2881710 at *3–4 (E.D. Ark. July 19, 2011); *E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 4237318 at *2–3; *Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, 2010 WL 1935998 at *2 (E.D. Mo. May 10, 2010); *Thomas v. Newton*, 2009 WL 1851093 at *3 (E.D. Mo. June 26, 2009).

This Court previously and correctly declined to tax costs for duplicative videographic transcription costs [Dkt. No. 170], citing to *E.E.O.C. v. CRST Van Expedited, Inc.* 2010 WL 520564 at *4-5 (N.D. Iowa Feb. 9, 2010). Indeed, Eighth Circuit district courts will only allow recovery for videographic deposition transcripts where the prevailing party can offer a "persuasive reason for obtaining the video deposition." *National Ben. Programs, Inc. v. Express Scripts, Inc.*, 2012 WL 2326071 at *3 (E.D. Mo. June 19, 2012) (citing *E.E.O.C. v. CRST Van Expedited, Inc.*, 2010 WL 520564 at *19; *Lewis v. Heartland Inns of Am., L.L.C.*, 764 F. Supp. 2d 1037, 1048 (S.D. Iowa 2011)). The only video depositions that were "necessary" for the present case were those video depositions that were played at trial. Alamo and Bush Hog do not request any expenses associated with the video depositions played at trial-- those for Henry Friesen, Jack Harrington, Charles Weaver, and Robert Dewey--and

therefore none of Alamo and Bush Hog's requested expenses for video depositions are taxable as costs by this Court under 28 U.S.C. § 1920(2).

Furthermore, Eighth Circuit district courts have also held that costs for various transcription services that are "purely for the convenience of counsel" are not taxable under 28 U.S.C. § 1920(2). *Thompson v. United Trans. Union*, 2009 U.S. Dist. LEXIS 14135 at *17-18 (N.D. Iowa Jan. 26, 2009). The Court previously recognized that such "convenience" costs include "ancillary costs of ASCII, delivery, flat fee exhibits, condensed, depo disk, litigation support disk, summary, handling, reading and signing, e-transcript conversion, exhibits on CD, and archiving." [Dkt. No. 170] (citing *Smith v. Tenet Healthsys, SL, Inc.*, 436 F.3d 879 (8th Cir. 2006)). *See also Rakes*, 2008 U.S. Dist. LEXIS 91231 at *23-25. The Court should also refuse to tax costs where a prevailing party fails to itemize deposition-related expenses that include both taxable and unrecoverable expenses. *See Thompson*, 2009 U.S. Dist. LEXIS 14135 at *17-19.

Two of the exhibits submitted by Alamo and Bush Hog [Dkt. Nos. 553-9 and 553-10] clearly contain expenses that are non-recoverable under 28 U.S.C. § 1920(2), yet fail to itemize which portions of the expenses are recoverable costs and which portions are not.[1] The Court should refuse to tax these non-itemized expenses in their entirety. Additionally, the Court should refuse to tax all itemized non-recoverable expenses, as it correctly did before. [Dkt. No. 170].

---

[1] Dkt. Nos. 553-9 and 553-10 both contain costs for a "2 business day expedite[d]" transcript. "Expedited transcript service" is a "convenience" cost which cannot be taxed under 28 U.S.C. § 1920(2). *Rakes*, 2008 U.S. Dist. LEXIS 91231 at *23-25.

The allowable taxable costs under 28 U.S.C. § 1920(2) for Alamo and Bush Hog's deposition-related expenses total $5,647.78.[2]

### III.   Claimed Witness Fees for Jerry Lee Hall, Tom Taylor, and Paul Benoit are not Taxable

Alamo and Bush Hog have requested $1,071.75 in statutory "subsistence" costs over a period of 15 days for their expert, Dr. Jerry Lee Hall. [Dkt. No.  552]. The statutory provision allowing for subsistence costs, 28 U.S.C. § 1821(d)(1), states that "a subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." Dr. Hall only testified at trial for one day, not fifteen days, and the Court may only tax the statutory amount of $40.00 for his attendance on that day and $81.00 in costs for a single day's subsistence allowance under 28 U.S.C. § 1821(d)(1), totaling $121.00.

Alamo and Bush Hog also request $177.60 in mileage costs for Thomas Taylor. However, 28 U.S.C. § 1821(c)(2) only provides for a "mileage allowance" in cases where a witness "travels by privately owned vehicle." Here, Alamo and Bush Hog have also requested that the Clerk tax costs for a rental car used by Mr. Taylor to travel to the Court [Dkt. No. 553-2 at ¶ 31], and therefore taxation of the $177.60 in mileage costs, double-counting Taylor's expenses, is inappropriate under 28 U.S.C. § 1821(c)(2).

Finally, Alamo and Bush Hog request the taxation of $841.00 in statutory fees for their expert witness on damages, Paul Benoit. [Dkt. No. 553]. [3] None of these fees should be

---

[2] $174.90 [Dkt. No. 553-8], $713.99 [Dkt. No. 553-11], $730.94 [Dkt. No. 553-12], $412.78 [Dkt. No. 553-13], $988.42 [Dkt. No. 553-14], $1,248.20 [Dkt. No. 553-16], and $1,378.55 [Dkt. No. 553-17].

taxed by the Clerk as costs. The Eighth Circuit has held that "a district court *may* award witness fees if it determines that the witness's testimony was crucial to the issues decided *and* the expenditures were necessary to the litigation." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (emphasis added). In the present case, the issue of damages was never reached by the jury. Therefore, Mr. Benoit's testimony could not have been "crucial to the issues decided," as required by the Eighth Circuit, and the $841.00 requested in witness fees should not be allowed by the Clerk.[4]

The allowable taxable costs under 28 U.S.C. § 1920(3) for Alamo and Bush Hog's witnesses total $3,498.85.[5]

## IV.   Alamo and Bush Hog Claim Expenses that are neither for "Exemplification" or "Copies Necessarily Obtained for Use in the Case"

Alamo and Bush Hog request that the Court tax as costs $13,101.85 for "preparation and copying of exhibits for trial" [Dkt. No. 553-2 at ¶ 19], $3,238.09 for "copy charges incurred at trial" [Dkt. No. 553-2 at ¶ 20], at $339.73 for "copy paper for use at trial" [Dkt. No. 553-2 at ¶ 21].

For copying costs to be awarded to a prevailing party, the copies must be "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This Court reads the "necessarily obtained for use in the case" requirement of section 1920 narrowly. *Sun Media*

---

[3] Even though Mr. Benoit only testified during a single day of trial, Alamo and Bush Hog request that he be compensated for 14 days of attendance. [Dkt. No. 553].

[4] Alamo and Bush Hog also request $350 for a first-class ticket for Mr. Benoit [Dkt. No. 553-30], which is also not taxable under 28 U.S.C. § 1920(3). Furthermore, first-class airfare is not "the most economical rate reasonably available," as required by 28 U.S.C. § 1821(c)(1).

[5] $1447.25 [Dkt. No. 553], $330.80 [Dkt. No. 553-28], $643.80 [Dkt. No. 553-29], $480.20 [Dkt. No. 553-31], and $596.80 [Dkt. No. 553-32].

*Systems, Inc. v. KDSM, LLC*, 587 F. Supp. 2d 1059, 1066 (S.D. Iowa 2008) ("[t]his court has historically read § 1920 narrowly"). Eighth Circuit district courts only award copying costs under 28 U.S.C. § 1920(4) for "documents that were actually used during the trial," not for a prevailing party's "copying their own pleadings and motions for filing with the court, serving opposing counsel, or transmitting to their clients . . . or copying research materials for the convenience of counsel." *Jones v. Nat'l Am. Univ.*, 2009 WL 2005293 at *6 (D.S.D. July 8, 2009). *See also Moore v. DaimlerChrysler Corp.*, 2007 WL 1445591 at *1 (E.D. Mo. May 11, 2007); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999), *aff'd*, 226 F.3d 951 (8th Cir. 2000).

Alamo and Bush Hog have failed to identify even a single item in these lists of "copying" expenses [Dkt. Nos. 553-19, 553-20, 553-21] that is attributable to "documents that were actually used during the trial." *Jones*, 2009 WL 2005293 at *6. Notably, Alamo and Bush Hog do not even allege that any of these documents were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(4). As none of these copying charges were incurred for copies that were "necessarily obtained for use in the case" as required by the Eighth Circuit, none of these expenses are taxable as costs under 28 U.S.C. § 1920(4).

Alamo and Bush Hog have also requested that the Court tax $18,114.00 in costs for a "trial technology specialist and hot-seat operator" [Dkt. No. 553-2 at ¶ 43] and $38,191.67 in costs for "trial technology support" [Dkt. No. 553-2 at ¶ 44].

The Federal Circuit explained the split between different circuit courts on the meaning of the statutory term "exemplification" in *Summit Technology, Inc. v. Nidek Co.* 435 F.3d 1371, 1375 (Fed. Cir. 2006). While at least one circuit, the Seventh, takes a "broad" interpretation of "exemplification," the Federal Circuit described how the First, Fifth, Sixth,

and Eleventh Circuits have "a narrow view of section 1920 . . . and exclude from section (1920)(4) the expense of preparing trial exhibits, especially video animations." *Id.* at 1376. In a court that takes the "narrow" view, the Federal Circuit held, "exemplification" should be limited to "an official transcript of a public record, authenticated as a true copy for use in evidence," and excludes costs for preparation of trial exhibits used "simply to explain the case to the jury and the court." *Id.* at 1377.

This Court follows the "narrow" interpretation of 28 U.S.C. § 1920 described by the Federal Circuit. *Sun Media Systems*, 587 F. Supp. 2d at 1066 ("[t]his court has historically read § 1920 narrowly"). Other district courts in the Eighth Circuit also take the same "narrow" interpretation of section 1920 applied by the Court. *See E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 4237318 at *5 ("onsite trial support services were unnecessary to fairly and adequately present this case"); *Wheeler v. Carlton*, 2007 U.S. Dist. LEXIS 24594 at *28-30 (E.D. Ark. Apr. 2, 2007) (disallowing costs associated with a third-party vendor who was employed to "run the technology at trial" because those costs were "not necessary to present the exhibits and videotapes to the jury").

None of Alamo and Bush Hog's expenses for their "trial technology specialist and hot-seat operator" [Dkt. No. 553-2 at ¶ 43] or for "trial technology support" [Dkt. No. 553-2 at ¶ 44] can be classified as "exemplification" or "copies necessarily obtained for use in the case." Therefore, none of these expenses are taxable under 28 U.S.C. § 1920(4) in the Eighth Circuit.

Finally, Alamo and Bush Hog request that the Clerk tax as costs $1153.91 for the "preparation and processing of documents for production" [Dkt. No. 553-2 at ¶¶ 22-26], and $35,659.92 for the "preparation, processing, and hosting of electronically stored

information" [Dkt. No. 553-2 at ¶ 27]. These requested e-discovery expenses, however, are not taxable costs under 28 U.S.C. § 1920(4) in the Eighth Circuit. In *Little Rock Cardiology Clinic v. Baptist Health*, the Eighth Circuit upheld a district court decision which "declined to tax as costs [] expenses related to copying documents to be produced in discovery." 591 F.3d at 601. The court partly based this holding on the fact that "numerous district courts within the Eighth Circuit have refused to tax discovery related copying costs." *Id.* at 602 (citing *Jones*, 2009 WL 2005293 at *6 (stating that copies of papers "necessarily obtained for use in the case" covers only the "cost of actually trying a case in the courtroom")). *See also Moore*, 2007 WL 1445591 at *1; *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d at 1093-94.

Alamo and Bush Hog refer to an "agreement between the parties regarding electronic discovery" [Dkt. No. 553-2 at ¶ 33], to ostensibly support its request for these expenses to be taxed as costs. However, in the Eighth Circuit, the only e-discovery expenses taxable as costs are those that were incurred scanning documents to be produced, which Eighth Circuit district courts have described as "the modern-day equivalent of 'exemplification and copies of papers,'" and which are "taxable pursuant to 28 U.S.C. § 1920(4)." *Advance Brands, LLC v. Alkar-Rapidpak, Inc.*, 2011 WL 4352495 at *6 (N.D. Iowa Sept. 15, 2011) (quoting *Brown,* 526 F. Supp. 2d at 959 (N.D. Iowa 2007)). Here, only $102.47 [Dkt. No. 553-22] and $61.42 [Dkt. No. 553-24] of the expenses requested by Alamo and Bush Hog can be attributed to the scanning of documents; therefore, only $163.89 is taxable under 28 U.S.C. § 1920.

Alamo and Bush Hog's taxable costs for "fees for exemplification and the costs of making copies" total $163.89.

**V.      Expert Witness Fees for Jerry Hall in Excess of $40 Per Day are not Taxable**

Alamo requests $21,214.82 in expert fees for its expert Dr. Jerry Lee Hall [Dkt. No. 553-2 at ¶ 41]. An earlier request for expert fees for Dr. Hall in excess of the $40/day statutory limit set by 28 U.S.C. § 1821 to be taxed as costs was correctly disallowed by the Clerk [Dkt. No. 170].

The Eighth Circuit has explicitly held that "expert witness fees in excess of the 28 U.S.C. § 1821(b) $40 limit are not recoverable," unless "as otherwise provided by law." *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996) (citing *Crawford*, 482 U.S. at 445). This Court, too, has followed the Eighth Circuit's holding in *Pinkham*, noting that "the Eighth Circuit Court of Appeals 'has specifically limited expert witness fees in excess of the 28 U.S.C. § 1821(b) $40 limit as being not recoverable.'" *Sun Media Systems*, F. Supp. 2d at 1066.

At most, therefore, the statutory $40 fee may be taxed as costs for the day Dr. Hall spent testifying at trial, as discussed above. Alamo and Bush Hog may also be entitled to any reasonable transportation expenses they can identify in connection with Dr. Hall's attendance at trial, in accordance with 28 U.S.C. § 1821.

**CONCLUSION**

Deere respectfully submits that the total amount of costs taxable to Alamo and Bush

Hog under 28 U.S.C. § 1920 is $10,164.99, as explained above and as summarized in the

table below.

| Type of Costs | Allowable Taxable Costs |
|---|---|
| **Fees of the Clerk** | |
| *pro hac vice* Fees | $600.00 |
| **Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case** | |
| Hearing and Trial Transcript Expenses | $254.47 |
| Deposition Transcript Expenses | $5,647.78 |
| **Fees for Witnesses** | |
| Statutory Witness Fees | $3,498.85 |
| **Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained For Use in the Case** | |
| Copying and Scanning Expenses | $163.89 |
| **TOTAL COSTS** | |
| Total Allowable Taxable Costs | $10,164.99 |

Respectfully Submitted,

Dated: February 3, 2014

/s/ Roderick R. McKelvie
Richard J. Sapp (rjs@nyemaster.com)
Nyemaster, Goode, West,
Hansell & O'Brien, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-8045

Roderick R. McKelvie* (rmckelvie@cov.com)
  **Lead Counsel**
Stephen Anthony* (santhony@cov.com)
Jay I. Alexander* (jalexander@cov.com)
Jason Fowler* (jfowler@cov.com)
Allison Kerndt (akerndt@cov.com)
Christopher P. Nofal* (cnofal@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

**COUNSEL FOR PLAINTIFF**
**DEERE & COMPANY**
* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following counsel for Defendants by email:

Scott R. Brown (srb@hoveywilliams.com)
Michael B. Hurd (mhurd@hoveywilliams.com)
Matthew B. Walters (mbw@hoveywilliams.com)
Hovey Williams
10801 Mastin Boulevard, Suite 1000
Overland Park, KS 66210
Telephone: (913) 647-9050
Facsimile: (913) 647-9057

Martha L. Shaff (mls@bettylawfirm.com)
Betty Neman & McMahon, P.L.C.
111 East Third Street, Suite 600
Davenport, IA 52801
Telephone: (563) 326-4491
Facsimile: (563) 326-4498

***COUNSEL FOR DEFENDANT GREAT PLAINS MANUFACTURING INCORPORATED***

Edmund J. Sease (ed.sease@ipmvs.com)
Jeffrey D. Harty (jeff.harty@ipmvs.com)
McKee, Voorhees & Sease, PLC
801 Grand Avenue, Suite 3200
Des Moines, IA 50309
Telephone: (515) 288-3667
Facsimile: (515) 288-1338

Craig C. Martin (cmartin@jenner.com)
Steven R. Trybus (strybus@jenner.com, jbduroc@jenner.com)
David Jimenez-Ekman (djimenez-ekman@jenner.com)
Sara Tonnies Horton (shorton@jenner.com)
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-8307
Facsimile: (312) 923-8407

***COUNSEL FOR DEFENDANT DUROC LLC***

William W. Graham
(wwg@grahamlawiowa.com)
Graham, Ervanian & Cacciatore LLP
317 Sixth Avenue, Suite 900
Des Moines, IA 50309
Telephone: (515) 244-9400
Facsimile: (515) 282-4235

Alan Thiele (athiele@rpsalaw.com)
Jonathan D. Pauerstein
(jpauerstein@rpsalaw.com)
Rosenthal Pauerstein Sandoloski
Agather LLP
755 East Mulberry Ave., Suite 200
San Antonio, TX 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

Samuel F. Baxter
(sbaxter@mckoolsmith.com)
Scott W. Hejny
(shejny@mckoolsmith.com)
Phillip M. Aurentz
(paurentz@mckoolsmith.com)
McKool Smith PC
300 Crescent Court , Suite 1500
Dallas, TX 75201
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***COUNSEL FOR DEFENDANTS ALAMO GROUP INC. AND BUSH HOG, INC.***

/s/ Roderick R. McKelvie
*Counsel for Plaintiff Deere & Company*