UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| DEERE & COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-CV-95 |
| | ) | |
| VS. | ) | |
| | ) | CORRECTED TAXATION OF COSTS |
| DUROC, LLC; ALAMO GROUP INC.; | ) | AS TO DUROC, LLC |
| BUSH HOG, INC.; and GREAT PLAINS | ) | |
| MANUFACTURING INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Deere & Company filed a Motion for Judicial Review of Costs Taxed [Doc 583], stating that expert witness fees in excess of $40 per day had been improperly taxed. The Court ruled [Doc 586], ordering that amounts taxed for experts shall be limited to $40 for each day, and one travel day before and after, as documented by defendants. Defendant Duroc, LLC filed documentation of expert witness testimony and deposition days [Doc 587] as ordered.

In fact, the Taxation of Costs [Doc 580] did not tax costs in excess of $40 per day for experts (except that travel costs were included pursuant to 28 § 1821(c)), as noted at "Fees for witnesses" (see below, emphasis added). However, only the costs of trial testimony dates were included in the April 2014 taxation. With the additional documentation of deposition dates provided, a review of expert witness fees to include those costs is necessary. Expert witness fees are corrected, with taxed amounts specified, as noted below.

IT IS ORDERED that costs are taxed in favor of Defendant Duroc, LLC, and against Plaintiff Deere & Company, in the amount of $ 375,984.89 as follows:

| | |
|---|---:|
| Fees of the Clerk | $375.00 |

(These are increased to $375 as there were 5 fee receipts and 5 *pro hac vice* counsel listed for Duroc from Jenner & Block).

| | |
|---|---:|
| Fees for transcripts necessarily obtained for use in the case | $10,810.51 |

(Video depositions used at trial (Friesen, Weaver, Harrington, and Dewey) are allowed. Absent convincing evidence of the necessity of other video depositions, they are disallowed for reasons stated in the Resistance (Doc 564, pp. 9-10 of 19), and see E.E.O.C. v. CRST Van Expedited, Inc., No. 07-cv-95-LRR, 2010 WL 520564, at *4-5 (N.D. Iowa Feb. 9, 2010); all transcripts are reduced by ancillary costs of ASCII, delivery, interactive realtime, DVDs, hyperlinks, e-transcript, LEF/PDF, laptop, Realtime hook-up, Minuscript, early AM pages, compressed, time stamping, sync, and processing per Smith v. Tenet Healthsys.SL, Inc., 436 F.3d 879 (8th Cir. 2006); Daily transcripts are disallowed as being primarily for the convenience of counsel. A determination of necessity for daily transcripts would have to be made by the presiding judge).

| | |
|---|---:|
| Fees for witnesses | $ 5,410.59 |

(Costs are allowed at government witness ($40/day), per diem ($129/day + $46 last day), and mileage rates (56.5¢/mile) only for the day(s) they testified, plus a travel day before and after. Hall $645.48; Moore $2,096.10; Rubin $420.31; Davis $2,248.70).

| Hall | Subsistence | Attendance | Transportation |
|---|---|---|---|
| 5/1/13 | 129 | 40 | 392 miles x .565¢ = |
| 5/2/13 | 129 | 40 | $221.48 |
| 5/3/13 | 46 | 40 | |
| 12/11/13 | 129 | 40 | |
| 12/12/13 | 129 | 40 | $221.48 |
| 12/13/13 | 46 | 40 | |
| | 608 | 240 | 442.96 |

($1,290.96 split with Alamo/Bush Hog)
**TOTAL FOR DUROC $645.48**

2

| Davis | Subsistence | Attendance | Transportation |
|---|---|---|---|
| 10/6/13 | 129 | 40 | 1090 miles x .565¢ = |
| 10/7/13 | 129 | 40 | $615.85 |
| 10/8/13 | 46 | 40 | |
| 12/11/13 | 129 | 40 | |
| 12/12/13 | 129 | 40 | $615.85 |
| 12/13/13 | 129 | 40 | |
| 12/14/13 | 46 | 40 | |
| | 737 | 280 | 1,231.70 |

**TOTAL $2,248.70**

Fees for copies necessarily obtained for use in the case                                   $49,480.41
(Records supplied show a reasonable amount of copy work for this case. Costs as claimed are allowed but reduced by $1,120.61 due to a missing invoice for $1,271.70 (but reduced amount requested was $1,120.61)).

Other costs                                                                                 $ 309,908.38
(These involve Exhibits 3, 4, 6, 30-31, and 32).
Exhibit 3 (2011 Bill of Costs):
$ 17,542.23   Transcripts (reduced as cited above at "Transcripts")
$206,242.98   Copies (reduced as cited at 2011 Taxation of Costs (Doc 170))
$    -0-      Other Costs (denied as cited at 2011 Taxation of Costs (Doc 170))
**$223,785.21   Total Costs Allowed**

Exhibit 4 (expert witness Hall): Costs are disallowed for the reasons stated in the Resistance (Doc 564) at p. 15, except that the statutorily allowed amount is noted above at Fees for Witnesses.
**$ -0-        Total Costs Allowed**

Exhibit 6 (Webex meeting charges): Costs are disallowed as this service is analogous to a phone or computer connection, which is normal office overhead.
**$ -0-        Total Costs Allowed**

Exhibits 30-31 (Trial Technology Specialists): Costs are allowed for the reasons stated at Bill of Costs Memorandum in Support (Doc 552-1) at pp. 8-9).
$ 18,094.00   Advantage Litigation Invoice
$ 44,054.17   Magna Invoice (Duroc portion)
**$ 62,148.17   Total Costs Allowed**

Exhibit 32 (Electronic Discovery): Costs as claimed are allowed due to the agreement cited at Doc 161, pp. 1-2 and Exhibit 80, but reduced by costs of storage and hosting per Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC., 2013 WL 1155245 (W.D.Mo.)).
$ 76,585.00    amount requested
$-52,610.00    storage and hosting deductions
**$ 23,975.00    Total Costs Allowed**

                                                                                                               $ 375,984.89


Dated this 19th day of June, 2014.


Marjorie E. Krahn, Clerk
United States District Court